IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WALTER ANTHONY DeSHAZO                                                PLAINTIFF

VS.                              CASE NO. 4:06-CV-4026

JOHN PARTAIN, Sheriff,
Sevier County, Arkansas;
and JAY DOOLEY                                                        DEFENDANTS

### ORDER

Before the Court is the Report and Recommendation filed February 11, 2008 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (Doc. 23). Judge Bryant recommends that Motions for Summary Judgment (Docs. 12, 17) filed on behalf of Defendants John Partain and Jay Dooley be granted as to all of Plaintiff Walter Anthony DeShazo's claims. Plaintiff has filed timely objections. (Doc. 24). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

### I. BACKGROUND

Plaintiff Walter Anthony DeShazo brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This case arises out of the impounding and repossession of a 1999 Ford F-350 pickup truck purchased by Plaintiff's mother, Gretchelynn DeShazo, from DeQueen Ford-Chrysler, Inc. ("DFC"). Plaintiff's mother signed the purchase papers for the truck on behalf of DeShazo D-Bar Ranch, Inc., an Arkansas corporation, and personally guaranteed payment of the purchase price.

Plaintiff alleges that Defendant Jay Dooley, president and owner of DFC, and Defendant John Partain, Sheriff of Sevier County, Arkansas, conspired to unlawfully repossess the truck. In furtherance of this purported conspiracy, Plaintiff alleges that on March 6, 2003, Sevier County Sheriff's Deputy Brackett and Investigator Wiggins attempted to serve arrest warrants on Plaintiff

that had been issued in connection with a search and seizure warrant which had been executed on September 27, 2002. Deputy Brackett and Investigator Wiggins found Plaintiff at his mother's farm and placed him under arrest. Deputy Brackett then went to Plaintiff's mother's house and informed her that Plaintiff had been arrested. Deputy Brackett asked Plaintiff's mother for permission to search the premises for drug paraphernalia. Plaintiff's mother consented to the search and signed a Permission to Search form. During the search, Deputy Brackett inquired of Plaintiff's mother her wishes regarding two vehicles on the property, one of them being the truck at issue in this case. Plaintiff's mother informed Deputy Brackett that the truck was not running, that she wished for it to be towed from the property, and that no payments had been made on the truck for an extended period of time, such that creditors had been searching for it.

In light of Plaintiff's mother's wishes to have the truck towed, the Sevier County Sheriff's office contacted Jorge Rivas Garage and Wrecker service to tow the two vehicles. Rivas came to Plaintiff's mother's farm, towed the two vehicles, including the truck, and impounded them. The truck remained at Rivas' garage until American Lender Company of North Little Rock, Arkansas picked it up on March 14, 2003. Plaintiff's mother was present and had the opportunity to redeem the truck by paying a specified amount of money when American Lender picked the vehicle up. However, Plaintiff's mother declined to redeem the truck, saying she did not want it.

According to affidavits, Rivas never spoke with Defendant Jay Dooley regarding the towing or impounding of the truck. In his affidavit, Dooley denies having any involvement in or prior knowledge of the repossession and subsequent resale of the truck in March of 2003. By the time of the repossession in March of 2003, neither Dooley nor DFC had a financial interest in the truck–DFC had assigned the installment contract on the vehicle to Ford Motor Credit Corporation five years

earlier. Despite this, Plaintiff claims that Dooley, DFC and Sheriff Partain engaged in a criminal enterprise in conducting the repossession, using the Sheriff's office to defraud Plaintiff of his property without due process of law.

## II. SUMMARY JUDGMENT STANDARD

The standard of review for summary judgment is well established. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed. 202 (1986). In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Genuine issues of material fact exist where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. Where no reasonable jury could render a verdict for the plaintiff, however, summary judgment is properly granted to a defendant. *Taylor v. White*, 321 F.3d 710, 715 (8th Cir. 2003).

## III. DISCUSSION

Defendants' Motions for Summary Judgment argue (1) that Plaintiff's claims are barred by the statute of limitations; (2) that Plaintiff lacks standing; and (3) that Defendants were not

personally involved in any constitutional deprivation. The Court will address each ground for summary judgment in turn.

First, Defendants argue that the statute of limitations bars Plaintiff's claims in this case. In Arkansas, a three year statute of limitations applies to claims brought pursuant to 42 U.S.C. § 1983. Ark Code Ann. § 16-56-105(3); *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001). Utilizing the "mail box rule," wherein an inmate's legal document is deemed to be filed on the day the inmate delivers the document to prison authorities for mailing to a Court, *see, e.g., Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), Plaintiff's complaint was filed March 5, 2006–one day inside the three year statute of limitations. Accordingly, the statute of limitations does not bar Plaintiff's claims.

Defendants next argue that Plaintiff lacks standing to complain of the repossession of the truck in this case. Standing is a constitutional imperative requiring that a party have a personal stake in the outcome of a controversy. *Boyle v. Anderson*, 68 F.3d 1093, 1100 (8th Cir. 1995). Standing requires that the plaintiff personally suffer a threatened or actual injury justifying the exercise of the Court's remedial powers on the plaintiff's behalf. *See Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001). Here, Plaintiff's mother purchased the truck on behalf of DeShazo D-Bar Ranch, Inc. In addition, Plaintiff's mother authorized the towing and removal of the truck from her real property. However, Plaintiff asserts that the truck was listed on his personal property taxes and that he was to take title to the vehicle. Under Arkansas law, ownership of property is established by all evidence regarding the property. *Beatty v. USAA Cas. Ins. Co.*, 330 Ark. 354, 360, 954 S.W.2d 250 (Ark. 1997). Thus, under Arkansas and federal law, Plaintiff had a sufficient interest in the truck to give him standing to challenge its repossession. As a result, the constitutional standing requirement does

not bar Plaintiff's claims.

Finally, Defendants argue that they were not personally involved in any constitutional deprivation suffered by Plaintiff. To survive Defendants' motions for summary judgment in this § 1983 case, Plaintiff must demonstrate that Defendants deprived him of a constitiutional right while acting under color of state law. Private conduct is excluded from § 1983 liability unless the government is "so entangled in private conduct that the deed of an ostensibly private organization or individual is to be treated...as if a state had caused it to be performed." *Americans United For Separation of Church and State v. Prison Fellowship Ministries, Inc.*, 509 F.3d 406, 421-22 (8th Cir. 2007)(internal citations and quotation marks omitted).

In this case, Defendants Dooley and DFC are private actors, and Plaintiff makes only a bare allegation that a conspiracy existed between Defendant Dooley and Sheriff Partain with regard to the repossession of the truck. Upon review of the records and authorities, the Court is satisfied that Plaintiff's unsupported conspiracy claim is insufficient to survive Defendants' Motions for Summary Judgment. Plaintiff must–and the record reflects that he cannot–allege specific facts showing a meeting of the minds between Dooley and Partain to establish his claim of conspiracy. *See Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988). Instead, the record shows that Jorge Rivas did the actual towing and impounding of the truck without communication with Defendant Dooley. In his objections, Plaintiff alleges that Defendant Dooley committed perjury in his affidavit when he denied having any knowledge of the repossession of the truck. The Court disagrees, based on the uncontroverted facts in the record previously discussed. Accordingly, the Court agrees with Judge Bryant that no genuine issues of material fact are present, and that the evidence is without indication that Defendant Dooley or DFC were involved in the towing, removal, storage or

impounding of the truck. As a result, Defendant Dooley is entitled to judgment as a matter of law.

Sheriff Partain is also entitled to summary judgment. The record reflects that Sheriff Partain was not personally involved in the repossession or impounding of the truck. As previously discussed, Plaintiff's allegations regarding a conspiracy to repossess the truck involving Sheriff Partain fail as a matter of law. Sheriff Partain's deputies were present at the DeShazo property on March 6, 2003 during the repossession, but supervisors do not face § 1983 liability under the doctrine of respondeat superior. *See Szabla v. City of Brooklyn Park*, 486 F.3d 385, 397 (8th Cir. 2007). Finally, the record in this case–as correctly characterized by Judge Bryant–is devoid of any suggestion of the existence of a custom or policy on which to hold Sevier County liable. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)(holding that a Plaintiff seeking to impose § 1983 liability on a municipality must show an official policy or a widespread custom or practice of unconstitutional conduct that caused the deprivation of the Plaintiff's constitutional rights). Accordingly, Sheriff Partain is entitled to judgment as a matter of law.

## IV. CONCLUSION

For reasons stated herein and above, Defendants' Motions for Summary Judgment should be and hereby are **GRANTED**. Plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 13th day of March, 2008.

                                                   /s/Harry F. Barnes
                                             Hon. Harry F. Barnes
                                             United States District Judge